OPINION
{¶ 1} Defendant-appellant David Sour appeals from his conviction and sentence, following guilty pleas, to five counts of Aggravated Robbery and four counts of Robbery. Sour contends that the trial court erred by imposing consecutive sentences. He contends that the trial court's reasons for imposing consecutive sentences are not reflected in the record, and that consecutive sentences are unwarranted and disproportionate in this case. The State confesses that the trial court erred by failing to set forth in the record its reasons for imposing consecutive sentences, but the State opposes modification of the sentences, contending that the judgment of the trial court should be reversed, and this cause should be remanded to the trial court for re-sentencing.
 {¶ 2} We agree with the State. Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for re-sentencing.
 I {¶ 3} Sour was indicted in a ten-count indictment. The indictment charged five counts of Aggravated Robbery, three counts of Robbery with firearm specifications, one count of Robbery without a firearm specification, and one count of Kidnapping with a firearm specification.
 {¶ 4} Sour pled guilty to five counts of Aggravated Robbery and four counts of Robbery. The State dismissed all of the firearm specifications and the Kidnapping charge.
 {¶ 5} Following a sentencing hearing, the trial court imposed sentences of three years on each of the five Aggravated Robbery counts, to be served consecutively. The trial court imposed a sentence of one year on each of three of the Robbery counts. These three, one-year sentences were to be served concurrently with one another, but consecutively to the Aggravated Robbery sentences. Finally, the trial court imposed a sentence of two years on the remaining Robbery count, to be served consecutively with the other sentences. The sentences aggregated 18 years. The trial court specified that this aggregate 18-year sentence was to run concurrently with a sentence imposed by the Commonwealth of Kentucky.
 {¶ 6} Sour has appealed from his conviction and sentence. His original assigned counsel filed a brief pursuant to Anders v. California
(1967), 386 U.S. 738. Based upon our independent review of the record, we concluded that there was a non-frivolous issue involving the consecutive sentencing. New counsel was assigned, and a brief on the merits has been filed.
 II {¶ 7} Sour's Second Assignment of Error is as follows:
 {¶ 8} "THE TRIAL COURT ERRED PREJUDICIALLY BY IMPOSING CONSECUTIVE SENTENCES ON DAVID SOUR WITHOUT STATING ITS REASONS IN CONTRAVENTION OF R.C. 2929.19(B)(2)(c)."
 {¶ 9} Sour contends that although the trial court made the requisite statutory findings for the imposition of consecutive sentences, it did not satisfy the separate requirement of R.C.2929.19(B)(2)(c) of setting forth, in the record, "its reasons for imposing the consecutive sentences."
 {¶ 10} The State confesses error in this regard, noting that pursuant to State v. Edmonson (1999), 86 Ohio St.3d 324, the imposition of a maximum term or consecutive sentences requires that the trial court make the applicable statutory findings, and then provide a factual explanation setting forth the basis for those findings. The State concedes that the trial court quoted the statutory language in its findings, but did not provide a factual explanation setting forth the basis for those findings. We have reviewed the record, and we agree.
 {¶ 11} Sour's Second Assignment of Error is sustained.
 III {¶ 12} Sour's First and Third Assignments of Error are as follows:
 {¶ 13} "CONSECUTIVE SENTENCES ARE UNWARRANTED SINCE THE SENTENCE IS DISPROPORTIONATE TO THE OFFENSE AND SINCE THERE IS A LACK OF RISK TO THE PUBLIC."
 {¶ 14} "THE APPELLATE COURT SHOULD MODIFY DAVID SOUR'S SENTENCES TO RUN CONCURRENTLY AS PERMITTED BY R.C. 2953.08(G)(1)(a)."
 {¶ 15} Although what we have set forth above as Sour's Third Assignment of Error is set forth in his brief either as part of his Second Assignment of Error, or in connection with that assignment of error, we conclude that it more appropriately belongs here, in juxtaposition with his First Assignment of Error.
 {¶ 16} The State argues, in its brief confessing error, that the trial court's error in failing to set forth, on the record, its reasons for making the statutory findings, requires reversal and remand of this cause to the trial court for re-sentencing. We agree.
 {¶ 17} R.C. 2953.08(G)(1), which deals with the situation arising when a sentencing court fails to make proper findings on the record, provides for the remand of the case to the sentencing court. R.C.2953.08(G)(2)(a), to which Sour may be referring, provides that an appellate court "may increase, reduce, or otherwise modify a sentence . . . if it clearly and convincingly finds . . . [t]hat the record does not support the sentencing court's findings . . . ."
 {¶ 18} Sour argues that we should "clearly and convincingly" find that the record does not support the requisite statutory findings for the imposition of consecutive sentences. In connection with this assertion, Sour contends that the recitation, in the bill of particulars, that one of the perpetrators displayed a handgun during the commission of the offense, was inaccurate with respect to all but one of the ten counts, as reflected by police reports. This is an issue of fact that should be considered by the trial court. Upon the record before us, we are not prepared to find, by the clear and convincing standard set forth in R.C.2953.08(G)(2), that the requisite statutory findings for the imposition of consecutive sentences are not supported by the record. Accordingly, Sour's First and Third Assignments of error are overruled.
 IV {¶ 19} Sour's Second Assignment of Error having been sustained, and his other assignments of error having been overruled, the judgment of the trial court is Reversed, and this cause is Remanded for re-sentencing. In the event that the trial court, upon remand, should decide to impose consecutive sentences, it should set forth in the record a factual explanation setting forth the basis for the appropriate statutory findings, in accordance with State v. Edmonson, supra.
WOLFF, P.J., and BROGAN, J., concur.